UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x

THAD TATUM,
an individual,

   Plaintiff,

vs.

CAJUN OPERATING COMPANY
(OF DELAWARE),
d/b/a Church's Chicken,

   Defendant.

---------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, THAD TATUM, by and through his undersigned counsel, hereby files this Complaint and sues CAJUN OPERATING COMPANY (OF DELAWARE) d/b/a Church's Chicken (referred to hereinafter as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, THAD TATUM, (hereinafter referred to as "MR. TATUM"), is a resident of

1

Orleans Parish, Louisiana.

4. MR. TATUM is a qualified individual with a disability under the ADA. MR. TATUM is affected with paraplegia.

5. Due to his disability, MR. TATUM is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. TATUM is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT is a corporation incorporated in the State of Delaware and having the domicile of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Upon information and belief, DEFENDANT is doing business as Church's Chicken.

8. Upon information and belief, DEFENDANT is the owner, lessor, lessee, and/or operator of the real properties and improvements which is the subject of this action, to wit: Church's Chicken generally located at 3740 Airline Drive, Metairie, Louisiana 70001.

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MR. TATUM realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located

at: at 3740 Airline Drive, Metairie, Louisiana 70001.

13. MR. TATUM has visited the Property numerous times and plans to visit the Property again in the near future.

14. During these visits, MR. TATUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 17 of this Complaint.

15. MR. TATUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 17 which still exist.

16. MR. TATUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

17. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MR. TATUM due to, but not limited to the following violations which MR. TATUM personally observed and/or encountered which hindered his access:

    A. There is no accessible route from the public sidewalks to the facility's entrance;

    B. The ramps at the facility do not have level landings;

    C. The doorway to the men's restroom is too narrow;

    D. There is insufficient clear floor space around the toilet in the men's restroom;

    E. The toilet in the men's restroom is not accessible;

    F.    There are uninsulated, exposed the pipes under the sink in the restroom;

    G.    The sink is not accessible;

    H.    The hand-dryer in the bathroom is of an excessive height;

    I.    There is no disabled seating;

    J.    The disabled parking spaces are of the wrong dimensions;

    K.    There are no van accessible parking spaces; and

    L.    There are no handrails on the ramps at the facility.

18. Furthermore, DEFENDANT continues to discriminate against MR. TATUM, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide MR. TATUM an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

20. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

23. Removal of the barriers to access located on the Property would provide MR. TATUM an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

24. Independent of his intent to return as a patron to the Property, MR. TATUM additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

25. MR. TATUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. TATUM is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. TATUM demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees),

and other expenses of suit, to MR. TATUM; and,

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus1@gmail.com
757 St. Charles Ave., Suite 302
New Orleans, Louisiana 70130
T: 504-619-9999; F: 504-592-3300

By: _____
Andrew D. Bizer